```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW RIPLEY, et al.,       :    CIVIL ACTION
                              :    NO. 10-1194
     Plaintiffs,              :
                              :
          v.                  :
                              :
SUNOCO, INC., et al.,         :
                              :
     Defendants.              :
```

## O R D E R

**AND NOW**, this **26th** day of **June, 2012**, upon consideration of Plaintiffs' Motion for Final Certification and Approval of Settlement and Attorneys' Fees (ECF No. 52) and for the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby **ORDERED** as follows:

1. For purposes of this Action, this Court has subject matter jurisdiction and, for purposes of the settlement only, this Court has personal jurisdiction over the Parties, including all members of the Settlement Class.

2. The Court finds that the distribution of the Revised Notice of Pendency of Class Action, Settlement, Hearing Date for Court Approval and Claims Procedure, as provided for in the Order Granting Preliminary Approval of the Settlement, ECF

Nos. 43, 44, constituted the best notice practicable under the circumstances to the Settlement Class and constituted due and sufficient notice to all persons entitled thereto.

       3.   For purposes of this settlement only, this Court certifies the following Settlement Class: "All current and former operations and laboratory employees employed by Defendant at its Philadelphia Refinery at any time from February 24, 2007 through the present."  Joint Stipulation of Settlement and Release ¶ 3, Pls.' Mot. for Preliminary Approval of Settlement Ex. 1, ECF No 39-1.  The Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3).

       4.   This Court finds, solely for purposes of this settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly

2

and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.   This Court approves the Settlement Agreement as being fair, reasonable, and adequate.

It is hereby further **ORDERED** that Plaintiffs' Motion for Final Approval of Class Action Settlement and for Attorneys' Fees (ECF No. 52) is **GRANTED in part and DENIED in part** as follows:  (1) the final sentence of the Release class Plaintiffs signed, see Claim Form 2, Pls.' Mot. for Preliminary Approval of Settlement Ex. 4, ECF No. 39, shall read: "Further you agree not to make any statement that contradicts the terms of the Settlement Agreement." (2) Plaintiffs' motion is otherwise **GRANTED** and the Court **APPROVES** the proposed Settlement Agreement (attached hereto as Exhibit A).

It is hereby further **ORDERED** that Philadelphia Area Project on Occupational Safety and Health is **DESIGNATED** the cy

<u>pres</u> beneficiary to any reversionary interest from the settlement fund.

It is hereby further **ORDERED** that the case is **DISMISSED with prejudice**. The Court shall retain jurisdiction to implement the terms of the settlement agreement. The Clerk of Court shall mark the case **CLOSED**.

**AND IT IS SO ORDERED.**

s/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**